## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY BUSH,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **No. 18-327** |
| **EAST GOSHEN TOWNSHIP** *et al.*, | : | |
| *Defendants*. | : | |

## <u>MEMORANDUM</u>

PRATTER, J.                                                                                   JULY 13, 2018

*Pro se* plaintiff Mary Bush wants to pursue a full panoply of claims against East Goshen Township, Sgt. James Renegar, and Sgt. Ted Lewis after they arrested her in January 2016. She alleges that the officers falsely arrested her, used excessive force, took her belongings, and either negligently and/or intentionally inflicted emotional distress. She further alleges that East Goshen Township is liable for the actions of its officers. The defendants moved to dismiss all of Ms. Bush's claims except for her § 1983 excessive force claim against Sgt. Renegar.

The Court dismisses most of Ms. Bush's claims, including all of her claims against East Goshen Township and Sgt. Lewis. Ms. Bush's only surviving claims are against Sgt. Renegar for § 1983 excessive force (Count I), assault and battery (Count V), and conversion (Count XII).

### BACKGROUND

Mary Bush's mother has been a resident at Park Lane, an assisted living facility in West Chester, PA, since November 2015. Ms. Bush regularly visits her mother and consistently has worried about her mother's health and care at the facility. Ms. Bush repeatedly complained to the Westtown East Goshen Police Department, the Pennsylvania Department of Health, and Adult Protective services on behalf of her mother.

1

On January 27, 2016, Ms. Bush visited her mother at Park Lane. When she entered the locked ward, Ms. Bush saw her mother "with a bandaged hand and not looking well." Compl. ¶ 20. Ms. Bush claims that Park Lane administrator Kimberly Goodall then verbally attacked her without provocation.

Ms. Bush called the Westtown East Goshen Police Department, which dispatched Sgt. James Renegar. After Sgt. Renegar arrived, Ms. Bush noticed her mother slipping out of a wheelchair. As Ms. Bush went to help her mother, she claims that Sgt. Renegar threatened her and said, "I've heard about you, your name has come up." Compl. ¶ 22. Park Lane staff asked Sgt. Renegar to remove Ms. Bush from the property.

Ms. Bush says that she left Park Lane on her own accord while Sgt. Renegar followed her. She called 911 again and asked for a wellness check for her mother. Ms. Bush also told the 911 operator that "a man," referring to Sgt. Renegar, was following her. She says that Sgt. Renegar then lunged at her, grabbed her phone, and twisted her arm. He threw her phone into a snow embankment and "full body slammed" Ms. Bush while threatening to shoot or Taser her. Compl. ¶ 25.

Sgt. Ted Lewis, another defendant, arrived during the altercation. He and Sgt. Renegar placed Ms. Bush in the back of Sgt. Lewis' car. Sgt. Renegar took Ms. Bush's handbag, which had her wallet with $1,000 in cash in it, and put it in his car. The officers then told Ms. Bush that she was under arrest.

Ms. Bush told the officers that she was injured and they took her to Chester County Hospital. As the officers brought Ms. Bush into the hospital, she claims they slammed her against the police car, causing a "bone bruise, cuts, bruises, and a concussion which resulted in permanent nerve damage." Compl. ¶ 32.

When the hospital discharged Ms. Bush, Sgt. Lewis put her in handcuffs and Sgt. Renegar allegedly threatened her and said, "you're not gonna get out of this; we know all the judges." Compl. ¶ 35. Ms. Bush was charged with, and later convicted of, resisting arrest, criminal trespass, and disorderly conduct.

## PROCEDURAL HISTORY

Ms. Bush makes a variety of claims against the defendants, seeking a declaratory judgment, damages, punitive damages, and costs. They are:

1. Count I – § 1983 Excessive Force (v. Sgt. Renegar)
2. Count II – Abuse of Process (v. East Goshen Twp.)
3. Count III – Abuse of Process (v. Sgts. Renegar and Lewis)
4. Count IV – *Monell* Liability (v. East Goshen Twp.)
5. Count V – Assault and Battery (v. Sgt. Renegar)
6. Count VI – Negligent Infliction of Emotional Distress (v. East Goshen Twp.)
7. Count VII – Negligent Infliction of Emotional Distress (v. Sgts. Renegar and Lewis)
8. Count VIII – Intentional Infliction of Emotional Distress (v. East Goshen Twp.)
9. Count IX – Intentional Infliction of Emotional Distress (v. Sgts. Renegar and Lewis)
10. Count X – False Arrest (v. Sgt. Renegar)
11. Count XI – Perjury (v. Sgt. Renegar)
12. Count XII – Theft (v. Sgt. Renegar)
13. Punitive Damages (v. All Defendants)

The defendants moved to dismiss all of Ms. Bush's claims with the exception of the claim for excessive force against Sgt. Renegar.

## LEGAL STANDARD

At the outset, the Court notes that Ms. Bush's *pro se* pleading must be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Bieros v. Nicola*, 839 F. Supp. 332, 334 (E.D. Pa. 1993). Due to an "understandable difference in legal sophistication," *pro se* litigants such as Ms. Bush are held to a "less exacting standard" than trained counsel. *Lopez v. Brown*, No. 04–6267, 2005 WL 2972843 (D.N.J. Nov. 4, 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court stands prepared to "apply the applicable law, irrespective of

whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (internal citation omitted).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Pa. Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in

the complaint are true (even if doubtful in fact)"); *Mayer*, at 230 ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents"). Also, the Court must accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

### DISCUSSION

Ms. Bush poses a large number and wide variety of claims against the defendants. The Court will address each in turn.

At the outset, however, the Court dismisses the claim for perjury (Count XI) because such a claim is criminal in nature and, therefore, can only be brought by the Commonwealth, not a private citizen.

## I.    Assault and Battery Claim against Sgt. Renegar (Count V)[1]

Ms. Bush says that Sgt. Renegar followed her out of Park Lane, threatened her, and tackled her while she was on the phone with 911, knocking her phone to the ground. She now makes claims under state law against him for assault and battery.

An assault occurs when "an intentional attempt by force to do an injury to the person of another." *Renk v. City of Pittsburgh,* 641 A.2d 289, 293 (Pa. 1994); *see also Berete v. Cortazzo*, No. 11–4111, 2012 WL 6628040, at *5 (E.D. Pa. Dec. 18, 2012). And a battery arises when "the violence menaced in an assault is actually done." *Renk,* 641 A.2d at 293; *see also Berete*, 2012 WL 6628040, at *5. "In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest. The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery." *Renk,* 641 A.2d at 293; *see also Berete*, 2012 WL 6628040, at *5.

Sgt. Renegar argues that the incident was a "reasonable use of non-lethal force [that] was necessary to effect the arrest." Defs.' Mot. to Dismiss, at 13 (Doc. No. 8). However, the Court is required to accept the facts as Ms. Bush alleged them in her complaint and make all reasonable inferences in her favor. According to Ms. Bush, she was walking away from Sgt. Renegar at the time of the incident and did not present a threat. So, at this stage, it is not yet time for the Court to determine whether Sgt. Renegar used reasonable force in arresting her.

Therefore, the Court denies the motion to dismiss as it relates to the assault and battery claim against Sgt. Renegar.

---

[1]    The Court has supplemental jurisdiction over Ms. Bush's state law claims under 28 U.S.C. § 1367.

## II. Theft Claim against Sgt. Renegar (Count XII)

Ms. Bush brings a claim for theft against Sgt. Renegar because he was in possession of her handbag, did not inventory the items, and returned it with her wallet, which allegedly had contained $1,000, missing. Ms. Bush cannot bring a claim for theft because theft is criminal in nature and must be brought by the Commonwealth. The Court assumes Ms. Bush intended to make a claim for conversion, which would be permissible for the civil docket.

"Conversion is 'an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession.'" *Dix v. City of Philadelphia*, No. 15–532, 2015 WL 4624248, at *5 (E.D. Pa. Aug. 3, 2015) (citing *Norriton E. Realty Corp. v. CentralPenn Nat'l Bank,* 254 A.2d 637, 639 (Pa. 1969)). Conversion can be committed by "unreasonably withholding possession [of a chattel] from one who has the right to it." *CentralPenn Nat'l Bank*, 254 A.2d at 639. "The intent required is not of conscious wrongdoing, but merely to exercise control over goods which is inconsistent with the plaintiff's rights." *Foster v. City of Philadelphia,* No. 12–5851, 2014 WL 5821278, at *26 (E.D. Pa. 2014).

Ms. Bush has sufficiently stated a claim for conversion to survive a motion to dismiss because she alleges that Sgt. Renegar was in control of her wallet and money and the wallet and money was not returned to her.

## III. Abuse of Process Claim against Sgts. Renegar and Lewis (Count III)

Ms. Bush did not state whether she intended to file a state and/or federal abuse of process claim against the officers. "Because the elements necessary to establish a claim for abuse of process . . . under Pennsylvania tort law and 42 U.S.C. § 1983 are the same, we will address them together here." *Russoli v. Salisbury Twp.*, 126 F. Supp. 2d 821, 858 (E.D. Pa. 2000).

A "claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" *Rose v. Bartle*, 871

F.2d 331, 350 n. 17 (3d Cir. 1989) (quoting *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977); *see also Napier v. City of New Castle*, 407 F. App'x 578, 582 (3d Cir. 2010) (quoting *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. Ct. 1993)) ("Pennsylvania recognizes a cause of action for abuse of process where 'the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.'").

Ms. Bush does not state a claim for abuse of process because she alleges that Sgts. Renegar and Lewis *initiated* the prosecution against her for illegitimate reasons. *See*, *e.g.*, Compl. ¶ 78 ("Defendants sought to have numerous charges issued against Plaintiff and ultimately arrested Plaintiff for an ulterior purpose."). This allegation simply does not represent an effort to use legal processes for an illegal purpose.

For this reason, the Court dismisses any federal or state law claim for abuse of process.[2]

## IV.    False Arrest Claim against Sgt. Renegar (Count X)

Ms. Bush alleges that Sgt. Renegar falsely arrested her because he lacked probable cause for any arrest. She argues that he "acted out of anger not law." Compl. ¶ 145.

To succeed on a false arrest claim under § 1983, a plaintiff must demonstrate that the officer lacked the probable cause for the arrest. *Groman v. Twp. of Manalapan*, 47 F. 3d 628, 634 (3d Cir. 1995) (citing *Dowling v. City of Phila.*, 855 F.2d 185, 191 (3d Cir. 1984)). The

---

[2]    In the event that Ms. Bush intended to file a malicious prosecution claim, instead of an abuse of process claim, this, too, would fail.

"To prevail on a Fourth Amendment malicious prosecution claim under section 1983, a plaintiff must establish that: '(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)).

Ms. Bush cannot demonstrate that the proceedings terminated in her favor because, by her own account, she was "found guilty of two summary criminal offense [sic]." Compl. ¶ 81.

officer only needs some reasonable basis for the arrest "as to any offense that could be charged under the circumstances." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (citing *Edwards v. City of Phila.*, 860 F.2d 568, 575–76 (3d Cir. 1988)). "Probable cause for a Section 1983 false arrest claim is conclusively established where a defendant has been convicted of the offenses, so long as the conviction has not been overturned." *Berete*, 2012 WL 6628040, at *3.

To the extent that Ms. Bush also makes a claim for false arrest under state law, "Pennsylvania state law false arrest claims and federal constitutional false arrest claims are co-extensive both as to elements of proof and elements of damages." *Russoli*, 126 F. Supp. 2d at 869 (citing *Patzig v. O'Neil*, 577 F.2d 841, 851 (3d Cir. 1978)).

In this case, Ms. Bush was convicted of summary trespass and disorderly conduct. There is no allegation that her conviction has been overturned. As a matter of law, Ms. Bush's conviction demonstrates that the officers had probable cause for her arrest. Her claim for false arrest fails.

## V. Abuse of Process Claim against East Goshen Twp. (Count II)

Ms. Bush also does not state whether her abuse of process claim against East Goshen Twp. comes under federal and/or state law, but neither claim is viable based on the current complaint. The Court will first address the federal claim under § 1983. The Court will address any claim for state law abuse of process under the discussion of governmental immunity. *See* Section VII.A, *supra*.

Federal abuse of process claims are made under 42 U.S.C. § 1983. *Jennings*, 567 F.2d at 1216–17. Although a municipality can be held liable for constitutional violations under § 1983, "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Ms. Bush seeks to hold East Goshen Township liable for abuse of process solely because the municipality employs Sgts. Renegar and Lewis. *See, e.g.*, Compl. ¶ 62 ("Defendant Renegar and Defendant Lewis, were/are agents of Defendant East Goshen Township"); *id.* ¶ 70 ("Defendant Renegar's and Defendant Lewis's abuse of process was made possible due to their employment relationship with Defendant East Goshen Township."); *id.* ¶ 71 ("Most notably, Defendant Renegar and Defendant Lewis were operating under the authority each obtained from Defendant East Goshen Township.").

That bare averment is not enough to support a claim. Any federal claim for abuse of process under § 1983 against East Goshen Twp. is dismissed.

## VI.    *Monell* **Claim against East Goshen Twp. (Count IV)**

Ms. Bush claims that East Goshen Twp. acted with deliberate indifference and had a pattern or practice of generally failing to supervise, train, and/or discipline officers regarding the proper use of force, citizens' constitutional rights, and police policy and procedure. Ms. Bush seeks to hold East Goshen Twp. liable because Sgts. Renegar and Lewis allegedly abused process in her case and falsely arrested her as a result of the municipality's policies and procedures.

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *see also Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006) ("[A] municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice."). The allegedly unconstitutional policy or practice need not be formally adopted to be unconstitutional so long as the practice is so consistent and widespread as "to

constitute a 'custom and usage' with the force of law." *Monell*, 436 U.S. at 690 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)).

Ms. Bush makes no more than threadbare allegations against East Goshen Twp. under § 1983 that do not meet the pleading standards required to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). She repeatedly alleges in her complaint the conclusion that East Goshen Twp. had a pattern or practice of failing to supervise, adequately train, control, or discipline officers. *See*, *e.g.*, Compl. ¶¶ 83–90 ("Defendant East Goshen Township acted recklessly and/or with deliberate indifference when it permitted customs and practices that resulted in a violation of Plaintiff's civil rights."). However, she never states what that pattern or practice was. In fact, the only incident of alleged misconduct she points to is her own arrest.

Ms. Bush's *Monell* claim is dismissed because she must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

## VII.    Governmental Immunity for State Law Claims against East Goshen Twp.

Ms. Bush makes a number of state law claims against East Goshen Twp., including her claims for abuse of process, negligent infliction of emotional distress, and intentional infliction of emotional distress. East Goshen Twp. is immune from these claims because the municipality is not liable for the conduct of its employees unless the conduct is negligent in nature. The officers' conduct Ms. Bush complains about is intentional or willful.

The Pennsylvania Political Subdivision Tort Claims Act states that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. § 8541. "A local agency includes any government unit other than the Commonwealth government, including

County governments." *Phillips v. Northampton Cty., P.A.*, No. 14–6007, 2016 WL 4944221, at *20 (E.D. Pa. Sept. 14, 2016) (citing 42 Pa. Cons. Stat. § 8501).

"'The clear intent of the Tort Claims Act was to insulate the government from exposure to tort liability,' so '[t]ort immunity is a non-waivable, absolute defense.'" *Id.* (citing *McShea v. City of Phila.*, 995 A.2d 334, 341 (Pa. 2010)). "Consequently, any suit involving an injury, whether the injury is physical, mental, reputational or economic, is barred, unless the suit falls within one of the eight exceptions to immunity contained in section 8542(b)." *E-Z Parks, Inc. v. Phila. Parking Auth.*, 532 A.2d 1272, 1277 (Pa. Commw. Ct. 1987). Those eight exceptions are: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks, and; (8) care custody or control of animals. 42 Pa. Cons. Stat. § 8542(b).

Immunity is only waived if (1) the injury was a result of an act encompassed by one of the exceptions, (2) the injury would be recoverable under common law or statute if there was no governmental immunity, and (3) "the injury was caused by the *negligent* acts of the local agency or an employee thereof acting within the scope of his office or duties." 42 Pa. Cons. Stat. §§ 8542(a)(1)–(2) (emphasis added). "'[N]egligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." *Id.* at § 8542(a)(2); *see also Heckensweiler v. McLaughlin*, 517 F. Supp. 2d 707, 719 (E.D. Pa. 2007) (observing that the township was "categorically immune from any intentional acts").

### A. *Abuse of Process Claim under State Law (Count II)*

According to Ms. Bush, the officers "sought to have numerous charges issued against [her] and ultimately arrested [her] for an ulterior purpose." Compl. ¶ 65. She further states that they intentionally interfered with her medical care, filed false police reports, and abused the

criminal legal process. Compl. ¶¶ 68–69. Given that the officers' alleged conduct is intentional or willful, and not negligent, in nature, East Goshen Twp. is immune under Pennsylvania law.

### B. *Emotional Distress Claims (Counts VI and VIII)*

In counts VI and VIII of her complaint, Ms. Bush makes claims against East Goshen Twp. for negligent infliction of emotional distress and intentional infliction of emotional distress, respectively.

Ms. Bush does not describe what conduct exactly supports her emotional distress claims; however, the only exception to the Tort Claims Act that could possibly apply in this case is the exception for the care and custody of personal property. Ms. Bush says that Sgts. Renegar and Lewis took her purse and, when they returned it to her, the contents were missing, including $1,000 in cash. Given that Sgts. Renegar and Lewis were the only people allegedly with access to her purse, she appears to be alleging that they stole her property. East Goshen Twp. is immune from liability for the alleged theft by one its officers because theft is an intentional act, meaning that governmental immunity remains intact.

## VIII. Emotional Distress Claims against Sgts. Renegar and Lewis (Counts VII and IX)

Ms. Bush also makes claims for negligent infliction of emotional distress (Count VII) and intentional infliction of emotional distress (Count IX) against the individually named defendants, Sgts. Renegar and Lewis. She says that she suffered severe emotional distress as a result of their grossly negligent conduct.

For differing reasons, both claims fail. First, as to the claim for *negligent* infliction of emotional distress fails because the officers share East Goshen Twp.'s immunity. Second, although the officers are not immune from a claim for *intentional* infliction of emotional distress, Ms. Bush failed to sufficiently state a claim.

13

## A. *Negligent Infliction of Emotional Distress Claim (Count VII)*

Employees of local agencies generally share the same immunity as the local agency itself. 42 Pa. Cons. Stat. § 8545; *see also Heckensweiler*, 517 F. Supp. 2d at 719. "State law, however, provides for an exception for 'willful misconduct.'" *Heckensweiler*, 517 F. Supp. 2d at 719 (citing Pa. Cons. Stat. § 8550). A negligent infliction of emotional distress claim cannot fall under the willful misconduct exception because, by definition, it is a negligent act. *Vega v. Columbia Borough*, No. 08–05932, 2009 WL 2143549, at *5 (E.D. Pa. July 15, 2009) ("Because the negligent infliction of emotional distress is predicated on negligence and not intent, the willful misconduct exception to official immunity cannot apply here."). Given that Ms. Bush's negligent infliction of emotional distress is, inherently, grounded in negligence, Sgts. Renegar and Lewis are immune from the claim for the same reasons that East Goshen Twp. was immune from any emotional distress claims.

## B. *Intentional Infliction of Emotional Distress (Count IX)*

Sgts. Renegar and Lewis are not categorically immune from an intentional infliction of emotional distress claim because Pennsylvania law makes an exception to local agency employees' immunity for "willful misconduct." *Heckensweiler*, 517 F. Supp. 2d at 719–20 (citing 42 Pa. Cons. Stat. § 8550). "Under Pennsylvania law, '[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.'" *Id.* at 720 (citing *Hoy v. Angelone*, 554 Pa. 134, 150 (Pa. 1998)).

Although the Court is required to make inferences in Ms. Bush's favor, Ms. Bush must provide more than a mere recitation of the elements of the cause of action. In her complaint, Ms. Bush simply repeats the elements of a claim for intentional infliction of emotional distress and

alleges that Sgts. Renegar and Lewis "were grossly negligent in their interactions with" her and subjected her to "extreme and outrageous conduct." Compl. ¶ 139.

Based on Ms. Bush's reply to the motion to dismiss, it appears she believes she is entitled to relief on this claim because Sgt. Renegar allegedly followed her out of Park Lane and tackled her while she was on the phone with the police. Pl.'s Opp. to the Mot. to Dismiss, at 14 (Doc. No. 9). First, this recitation in no way implicates Sgt. Lewis. Second, this conduct itself does not rise to the level of "extreme or outrageous conduct" that "intentionally or recklessly" caused Ms. Bush emotional distress.

In *Heckensweiler*, the court denied a motion to dismiss the plaintiff's intentional infliction of emotional distress claim. 517 F. Supp. 2d at 20. In that case, a mentally ill suspect had barricaded himself in his home. The officer, in an attempt to force the suspect out of his home, cut off electricity to the house, fired hundreds of canisters of pepper spray into the house, and blasted loud music. *Id.* The suspect committed suicide during these negotiations and the police chief allegedly knew that this suspect was emotionally unstable when he used these tactics. *Id.* The court found that the chief could be personally liable for intentionally causing emotional distress to the extent that he "intentionally ordered or directed any of these negotiation activities, with the knowledge that [the plaintiff] might be mentally ill." *Id.*

In contrast, here Ms. Bush alleges that Sgt. Renegar tackled her because she called the police about him. She does not assert that he did this to cause her emotional distress or otherwise engaged in subversive tactics to cause her harm.

For these reasons, the Court grants the motion to dismiss on Ms. Bush's claim for intentional infliction of emotional distress.

### IX. Punitive Damages

Ms. Bush requests "exemplary damages" in her complaint. Compl. ¶¶ 155–58. In construing her complaint liberally, the Court infers that she is asking for punitive damages under 42 U.S.C. § 1983. In accordance with this memorandum, Ms. Bush's only remaining claim under § 1983 is for excessive force against Sgt. Renegar (Count I).

Although it is well-settled that "a municipality is immune from punitive damages under 42 U.S.C. § 1983," *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), punitive damages are available against an individual § 1983 defendant "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also Savarese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir. 1989).

Ms. Bush alleges that Sgt. Renegar, the only remaining defendant, intentionally violated her rights, so she has necessarily alleged that he was reckless or indifferent. Therefore, the Court denies this portion of the motion to dismiss.

### CONCLUSION

For the reasons set out in this Memorandum, the defendants' motion to dismiss is granted in part and denied in part. An appropriate order, which recognizes that Ms. Bush may endeavor to amend her complaint, follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

16